# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00342-CR

**Garry A. O'Brien, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 61470, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Garry A. O'Brien pleaded guilty to the offense of injury to a child and pleaded true to several enhancement paragraphs. Pursuant to his plea bargain, adjudication of guilt was deferred and he was placed on community supervision for seven years. Among the conditions of probation were that he (1) not commit an offense against the laws of Texas, (2) perform 350 hours of community service, (3) obtain psychological screening and counseling, (4) complete an approved anger/stress management program, (5) complete parenting classes, and (6) pay various costs and fees.

The State later alleged that he violated the terms of his community supervision by head-butting his then-wife and by failing to perform the community service, complete the programs, or pay the fees. After considering evidence and hearing testimony from O'Brien and his probation officers, ex-wife, former neighbor, and police officers who responded to his reported assault of his ex-wife, the trial court found the allegations true, revoked his community supervision,

and adjudicated O'Brien guilty of the original offense of injury to a child. The court assessed punishment at forty years in prison.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that these appeals are frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to examine the appellate records and to file a pro se brief. *See Anders*, 386 U.S. at 744. No pro se brief has been filed.

We have reviewed the record and find no reversible error. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeals are frivolous. Counsel's motion to withdraw is granted. The judgment of conviction is affirmed.

_____

Jeff Rose, Justice

Before Justices Henson, Rose and Goodwin

Affirmed

Filed: February 17, 2011

Do Not Publish

2